# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

<table>
<tr><td></td><td>x</td><td></td></tr>
<tr><td>PAMELA D. GUSTOVICH,</td><td>:</td><td></td></tr>
<tr><td>Plaintiff,</td><td>:</td><td>CIV. NO. 3:14 cv 01242 (CSH)</td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td>TOWN OF GREENWICH,</td><td>:</td><td></td></tr>
<tr><td>Defendant.</td><td>:</td><td>MAY 21, 2015</td></tr>
<tr><td></td><td>x</td><td></td></tr>
</table>

## PLAINTIFF PAMELA D. GUSTOVICH'S ANSWERS AND OBJECTIONS TO DEFENDANT TOWN OF GREENWICH'S FIRST SET OF INTERROGATORIES

Plaintiff Pamela D. Gustovich, through counsel, pursuant to Fed.R.Civ.Pro. 33, hereby responds to Defendant Town of Greenwich's First Set of Interrogatories, as follows:

## INTERROGATORIES

1.     Identify each and every person(s) responding to these interrogatories including, without limitation, any person who assisted in any way in responding to these interrogatories.

**Response:     Pamela D. Gustovich**

2.     Identify each and every person whom you expect to call as a witness at trial and whether that person will be called as an expert witness.

**Response:     Plaintiff objects to this interrogatory on the ground that it is premature and violates the attorney-client privilege and the work product doctrine. Plaintiff will disclose her fact and expert witnesses in accordance with the Court's Scheduling Order dated November 5, 2014, and any extensions granted with respect thereto.**

3.     For each person identified in response to Interrogatory No. 2, describe in detail the subject matter of that person's testimony, the facts upon which that person will rely, and identify any and all documents and/or communications upon which each person is expected to rely.

**Response:**     **Plaintiff objects to this interrogatory on the ground that it is premature and violates the attorney-client privilege and the work product doctrine.  Plaintiff will disclose her fact and expert witnesses in accordance with the Court's Scheduling Order dated November 5, 2014, and any extensions granted with respect thereto.**

4.     Identify each and every device you use or have used to communicate or store communications or other documents from January 1, 2010 through the present including, but not limited, to all computers, storage devices, phones, and tablets.

**Response:**     **Plaintiff objects to this interrogatory on the ground that it is overbroad and not limited to devices used with regard to communications or documents relating to this action, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.  Without waiving these objections, plaintiff replies as follows:**

**Plaintiff's work computer; plaintiff's personal (home) computer; plaintiff's work cell phone; plaintiff's personal cell phone; plaintiff's I-Pad; miscellaneous thumb drives.**

5.     Identify all social networking websites you use or have used from January 1, 2010 to the present. For each such social networking website, identify the timeframe within which you accessed the social networking website and your account or screen name, if any.

**Response:**     **Facebook, 2010-the present, Pam Gustovich.**

6.     Identify all physicians, therapists, counselors, or other health care providers whom you have consulted regarding your mental health since January 1, 2010.  Please execute the attached authorization form to enable Defendant to obtain copies of any records relating to these providers.

**Response:**                    **Dr. Yu Fang Lin – Primary Care Provider**

**Dr. Anthony Fama – Ear, Nose, Throat**

**Lisa Arrigo, MSW, CSW – Psychotherapist**

**Kurt Sperling LCSW, LLC – Current Therapist**

**Eva Norlfors- EAP Counselor**

**Medical authorizations will be provided subsequent to the filing of a joint Stipulated Protective Order with the Court.**

2

## VERIFICATION

I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

PAMELA D. GUSTOVICH

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____ x

PAMELA D. GUSTOVICH,                    :
                                        :
                    Plaintiff,          :      CIV. NO. 3:14 cv 01242 (CSH)
                                        :
v.                                      :
                                        :
TOWN OF GREENWICH,                      :
                                        :
                    Defendant.          :      MAY 21, 2015
                                        :
_____ x

## PLAINTIFF PAMELA D. GUSTOVICH'S OBJECTIONS AND RESPONSES TO DEFENDANT TOWN OF GREENWICH'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Pamela D. Gustovich, through counsel, hereby

objects and responds to Defendant Town of Greenwich's First Request for Production of Documents

("Requests") as follows:

### REQUESTS FOR PRODUCTION

1.      All non-privileged documents constituting, concerning or relating to communications, whether written or oral, by and between you, witnesses, potential witnesses, and/or any and all persons consulted in connection with this action, regarding the subject of this action.

**RESPONSE: Plaintiff objects to this request on the ground that is overly broad in scope and time, premature, and seeks information which is irrelevant and/or which is protected from disclosure by the attorney-client or work-product privileges. Plaintiff will disclose her witnesses prior to trial, in accordance with the Court's trial management order.**

2.      All documents that you or your attorneys receive from any non-party, in response to any formal or informal discovery request in connection with this action, including all documents concerning such requests.

**RESPONSE: Plaintiff objects to this request on the ground that it seeks information which is protected from disclosure by the attorney-client privilege or work-product doctrine.**

**Without waiving the foregoing objection, plaintiff has received no such documents.**

6.      All documents concerning or relating to any treatment or expenses incurred by you as a result of your alleged anxiety and/or emotional distress, including but not limited to pharmacy records, medical bills, patient charts, therapist notes, and explanations of benefits.

**RESPONSE: Plaintiff is providing authorizations for defendant to obtain the medical records of the treaters identified in response to Interrogatory No. 1.  In addition, please see attached documents, including but not limited to documents bearing Bates-stamp numbers P0000096-97, P00000102-117, P00000385-391, P00000474-492.**

7.      All documents concerning or relating to the "continuous and concerted" "threats and humiliation" you allege in Paragraph 11 of the Complaint.

**RESPONSE:   Plaintiff objects to this request on the ground that it seeks information which is protected from disclosure by the attorney-client or work-product privileges.  Plaintiff further objects to this request on the ground that the documents requested cannot be provided by plaintiff with substantially greater facility than would otherwise be attained by the defendant.**

**Without waiving the foregoing objections, please see attached documents including but not limited to documents bearing Bates-stamp numbers P00000287, P00000302-304, P00000307-504, P00000507, P00000521, P00000523-561, P00000578, P00000584, P00000592-594, P00000603-606, P00000622, P00000735-791, P00000920.**

8.      All your social media accounts as they existed on the date of service of these requests for production.

**RESPONSE:   Plaintiff objects to this request on the ground that it is vague, overbroad, and incapable of a response.**

9.      All documents concerning or relating to your allegation in Paragraph 11 of the Complaint that the alleged hostile work environment has been "concerted."

**RESPONSE: Plaintiff objects to this request on the ground that it seeks information which is protected from disclosure by the attorney-client or work-product privileges.  Plaintiff further objects to this request on the ground that the documents requested cannot be provided by plaintiff with substantially greater facility than would otherwise be attained by the defendant.**

**Without waiving the foregoing objections, please see attached documents including but not limited to documents bearing Bates-stamp numbers P0000019, P0000037-38, P0000096-97, P00000102-120, P00000132-191, P00000198-203, P00000204-207, P00000210-211, P00000258-262, P00000264-276, P00000284, P00000287, P00000302-475, P00000477-504, P00000507-516, P00000521, P00000523-561, P00000570, P00000578, P00000584, P00000592-594, P00000603-609, P00000622, P00000700-723, P00000735-791, P00000920, P00000928-929.**

3

31.     All documents concerning or relating to your allegation in Paragraph 37 that the Marcum investigation was conducted in a "wholly irresponsible manner" and resulted in a "sham finding."

**RESPONSE: Plaintiff objects to this request on the ground that the documents requested cannot be provided by plaintiff with substantially greater facility than would otherwise be attained by the defendant.**

**Without waiving this objection, please see Paragraphs 37-39 of the Complaint which detail the ways in which the Marcum Report was deficient; in addition, please see attached documents including but not limited to documents bearing Bates-stamp number P0000019, P0000033-34, P00000118-120, P00000693-699, P00000735-737, P00000851, P00000921-925, P000001009-1010.**

32.     All documents, not disclosed in response to any of the foregoing document requests, on which you relied or to which you referred in the preparation or review of the Complaint.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overly broad in scope and time, does not describe with reasonable particularity each item or category of items requested in contravention of Fed. R. Civ. P. 34 (b)(1)(A), and seeks information which is irrelevant and/or which is protected from disclosure by the attorney-client or work-product privileges.**

33.     All other documents, not disclosed in response to any of the foregoing document requests, upon which you rely to support the claims set forth in the Complaint.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overly broad in scope and time, does not describe with reasonable particularity each item or category of items requested in contravention of Fed. R. Civ. P. 34 (b)(1)(A), and seeks information which is irrelevant and/or which is protected from disclosure by the attorney-client or work-product privileges.**

**Without waiving the foregoing objections, please see attached documents Bates-numbered P000001-P000001010.**

PLAINTIFF PAMELA D. GUSTOVICH,

BY: _____

David S. Golub ct00145
Jennifer B. Goldstein ct15697
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT  06901
Tel.  (203) 325-4491
Fac.  (203) 325-3769
Email: dgolub@sgtlaw.com
Email: jgoldstein@sgtlaw.com

10

CERTIFICATION

This is to certify that a copy of the foregoing has been served electronically, this 21ˢᵗ th day of

May, 2015, to:

Clarisse N. Thomas, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
cthomas@goodwin.com

Robin G. Frederick, Esq.
Shipman & Goodwin LLP
300 Atlantic Street, 3ʳᵈ Fl.
Stamford, CT 06901-3522
rfrederick@goodwin.com

JENNIFER B. GOLDSTEIN