# EXHIBIT D

# Thomas, Clarisse N.

| | |
|---|---|
| **From:** | Thomas, Clarisse N. |
| **Sent:** | Friday, July 17, 2015 11:56 AM |
| **To:** | jgoldstein@sgtlaw.com |
| **Cc:** | David Golub- Silver Golub & Teitell (dgolub@sgtlaw.com); Frederick, Robin |
| **Subject:** | RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich |

Jennifer,

You previously represented that David would address the Protective Order issue in your absence, and clearly he has not. We see absolutely no reason why this needs to be delayed even further, simply because you are not scheduled to return to the office until July 27. You are fully aware that we have noticed Capt. Gustovich's deposition for September 1. Again, the medical authorizations are required, so that we can obtain the records prior to the deposition.

And apparently you are suggesting that you will decide whether we can work out the Protective Order issue "amicably" depending on whether we intend to object to the Motion for Leave to Amend the Complaint. I'm unclear as to why you believe that it is appropriate to delay discovery even further, based on whether the Town will object to a motion to amend the pleadings. We are assuming that we will object, but I'd like to remind you that the parties' Joint Rule 26(f) Report, which was filed with the Court on November 3, 2014, expressly provides the following with respect to discovery: "Discovery will commence on November 14, 2014." The parties never agreed that discovery would be stayed in the event a party decided to seek leave to amend the pleadings.

Again, please respond with your position as to the Protective Order. Thank you.

Clarisse N. Thomas
(203) 324-8164

---

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Thursday, July 16, 2015 11:08 AM
**To:** Thomas, Clarisse N.; Frederick, Robin
**Cc:** David Golub- Silver Golub & Teitell
**Subject:** Re: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Hi Clarisse,

I am still away on vacation and will be back at work on 7/27.

We would still like to work out the protective order issue amicably. Are you planning to object to plaintiff's motion to amend the complaint and to add additional parties? If you are not, we will confer with our client (whom I believe is also away), and we will get back to you.

Thanks and regards,

Jennifer

Sent from my iPad

On Jul 15, 2015, at 3:17 PM, "Thomas, Clarisse N." <CThomas@goodwin.com> wrote:

> Jennifer:

1

We never heard from David while you were on vacation, and we never heard back from you after your return, regarding our email of July 1, 2015, where we offered yet another proposal to address your latest concerns as to the draft of the Protective Order. Instead, on July 2, 2015, your office filed a Motion for Leave to Amend the Complaint -- without informing us of your intention to do so -- as required by Local Rule 7(f) of the Federal Rules of Civil Procedure.

As Captain Gustovich is attempting to bring in 3 individual defendants on purported claims of intentional infliction of emotional distress, it appears that our efforts over the past few months regarding the Protective Order are now moot. If your Motion for Leave to Amend is granted, the Court will NOT allow the Protective Order in its current form to be enforced, as it prohibits several of the proposed named defendants from having access to discovery that goes directly to Capt. Gustovich's new claims against them.

The law is very clear on this issue. Given that Capt. Gustovich is now attempting to bring causes of action for intentional infliction of emotional distress, she has impliedly waived the psychotherapist-patient privilege, as she has placed her mental health at issue. See Tavares v. Lawrence & Mem'l Hosp., No. 3:11-CV-770 CSH, 2012 U.S. Dist. LEXIS 134881 at *14-15 & n.10 (D. Conn. Sept. 20, 2012); Green v. St. Vincent's Med. Ctr., 252 F.R.D. 125, 129 (D. Conn. 2008). As such, she no longer has a basis to withhold her medical record information in the present litigation. So, we expect that her medical record authorizations will be produced forthwith.

In light of the foregoing, this email constitutes our last good faith effort, in accordance with Rule 37 of the Federal Rules of Civil Procedure, to obtain medical authorizations from your client. You refused to produce them, citing the need for a Protective Order. We have been conferring regarding the Protective Order since May 19, 2015, and although we reached an agreement on June 16, 2015, Capt. Gustovich apparently changed her mind, and decided that she now wants an Attorney's Eyes Only Protective Order. This is something we simply cannot agree to, given that she now wants to bring 3 individual defendants into this litigation, based on causes of action for emotional distress.

Given that Capt. Gustovich's deposition is scheduled for September 1, we cannot wait for these documents any longer. Please respond with your position no later than Friday, July 17. Otherwise, we will have no choice but to seek court intervention, in accordance with FRCP 37. We will also seek further relief from the Court, in the form of the attorneys' fees and costs we unnecessarily incurred as a result of your client's dilatory tactics to delay these proceedings.

Clarisse

---

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Thursday, July 02, 2015 2:44 PM
**To:** Thomas, Clarisse N.
**Cc:** David Golub- Silver Golub & Teitell; Frederick, Robin
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

I will discuss this with David Golub. As I am leaving this weekend for vacation, you will likely hear from him directly.

Have a good holiday.

Jennifer



**From:** Thomas, Clarisse N. [mailto:CThomas@goodwin.com]
**Sent:** Wednesday, July 01, 2015 1:19 PM
**To:** Jennifer Goldstein - Silver Golub & Teitell
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Jennifer,

Concerning the draft Stipulated Protective Order, at this juncture (the commencement of discovery proceedings), there is no way for us to anticipate who may need to review Confidential Information. As such, a provision that limits access to Confidential Information to only Chief Heavey and Mary Pepe is unreasonable.

While we strongly disagree that individuals other than Captain Gustovich create a "toxic environment" or that anyone attacks *her*, we are willing to compromise so that her confidential medical information is protected from disclosure.

Your email below states that the Protective Order as currently drafted "does not apply to 'the parties' receiving the Confidential Information." So, we would like to propose a revision, to the effect that any person (with the exception of the Chief, Mary Pepe, counsel of record for the parties, and their partners, associates, secretaries, paralegal assistants, and employees or service providers of such attorneys) who views Confidential Information must sign a Confidentiality Agreement.

A tweak of the proposed language in this manner, requiring anyone other than those individuals outlined above to sign the Confidentiality Agreement, which includes a provision that any unauthorized disclosure is a "contempt of court" is sufficient to address your client's concerns. Please let us know if you agree to this.

As for the depositions, we have been attempting to schedule Captain Gustovich's deposition for months. We first noticed it on February 27, 2015, with the intent of going forward on May 13, 2015. However, we could not go forward, as your client sought additional time to respond to the Town's discovery requests, and responses were therefore not due until May 26, 2015. Consequently, the first discussion about the rescheduling of your client's deposition was on May 12, 2015, when I indicated that we would like to notice your client's deposition for July 14.

In response, you informed me that you or Captain Gustovich were not available on July 14. You then suggested that we go forward sometime in June or July 1-3, although I previously stated that this time frame would not work. I further explained that we had a number of depositions in June, including another one in Texas the first week of July. As for the August dates you offered, namely, August 3, 4, 11, 12 or 13, I explained that our client was not available the first week in August, and that neither Robin nor I were available the following week in August.

We then proposed numerous dates -- July 16, 21, 28, 29 and 30 -- all of which you rejected, and without any explanation.

In addition, although we have made reasonable efforts based on our and our client's availability, to schedule your client's deposition, Captain Gustovich's demand for a Protective Order has delayed discovery, through no fault of ours.

In fact, it was not until May 19, 2015, that we were first advised that medical authorizations for Captain Gustovich would not be produced until the parties could agree to a Protective Order. After several drafts and proposed revisions to the Protective Order, which took the next several weeks, on June 16, 2015, you *confirmed* that you would finalize the Protective Order to incorporate the revisions we

3

proposed -- only to respond 2 days later on June 18, 2015, that you would require further conditions before producing medical authorizations for Captain Gustovich, in the form of an Attorneys Eyes Only Protective Order.

It is now July, and despite our cooperation, you have not finalized the Protective Order or produced the necessary medical authorizations from your client, despite the fact that we first noticed Captain Gustovich's deposition and served discovery requests in February. To be clear, we will need your client's medical records in order to take her deposition. This delay will require yet another modification of the Scheduling Order.

You now indicate that you will be sending out deposition notices in the near future. However, given the scheduling issues above, **and the fact that 7 weeks have passed** since I initially reached out to you about the rescheduling of Captain Gustovich's deposition, it is highly unlikely that we will find dates that work for you, us and the witnesses prior to early September, and under these circumstances we will not agree to proceed with any other witnesses' deposition prior to Captain Gustovich's. If you would like to give us a list of proposed witnesses and dates for September we will do our best to accommodate your requests.

Finally, while it appears that you are requesting that the deposition of Captain Gustovich take place in your office, we are unwilling to conduct the deposition in your office as opposed to ours. As such, we will re-notice the deposition of Captain Gutovich for September 1, 2015 at our office (300 Atlantic Street, Stamford, CT).

We look forward to resolving the issues regarding the Protective Order as we suggest above and we await the list of proposed deponents and dates for September. Thank you for your anticipated cooperation.

Clarisse N. Thomas
(203) 324-8164

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Friday, June 26, 2015 3:30 PM
**To:** Thomas, Clarisse N.
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Clarisse,

As it stands in the most recent draft, the protective order provides that Confidential information will be used "by the parties receiving it" solely in connection with this action. It also provides that confidential documents may be disclosed to counsel of record and their partners, associates, secretaries, paralegals and other employees. It further provides for disclosure to non-parties noticed for depositions or designated as trial witnesses, and to consultants or experts retained for the purpose of assisting counsel, as well as to court officials involved in the litigation. The requirement of signing a Confidentiality Agreement applies only to non-parties noticed for depositions or designated as trial witnesses, and to consultants or experts (and their employees, assistants, and agents) retained for the purpose of assisting counsel, as well as to anyone designated by the Court. It does not apply to "the parties" receiving the confidential information.

Given the toxic environment in which Captain Gustovich works every day, and the personal attacks from GPD police officers to which she is frequently subject, we do not feel confident that the Confidentiality Agreement requirement will protect her from unnecessary disclosure and potentially malicious use of her confidential information, which may include sensitive medical or personal information.



4

We suggest a compromise position: we will agree that GPD Chief James Heavey and GPD HR Director Mary Pepe, two high-level representatives of the GPD, can have access to the Confidential Information, as well as legal counsel (and counsel's employees, etc,) and the experts/consultants listed in the Protective Order. We will not agree to having Captain Gustovich's personal and confidential information made available to all members of the GPD or even to other members of the Command Staff, or other employees. Please let me know your position on this suggestion. If we agree, we can add language to the draft Protective Order to the effect that the Confidential Information will not be disclosed by defense counsel to any member/employee/agent of the Greenwich Police Department or the Town of Greenwich other than to Chief Heavey and Mary Pepe. If we cannot come to an agreement as outlined herein, we will have to bring the issue before the Court for determination.

With respect to Captain Gustovich's deposition, she is available on September 1, 2015. Please notice the deposition to take place at our office.

With respect to your position on starting depositions of your clients in September, we have previously offered to schedule Captain Gustovich's deposition on dates in June, July and August. You have rejected all of our proposed June and August dates, and we have not been able to come to a mutual agreement on July dates. We understand that you do not want to go forward with the depositions of any GPD police officers or employees until Chief Heavey is available but we are not willing to delay the start of our depositions until September. Accordingly, we will be sending out deposition notices in the near future.

I look forward to your response.

Thanks,

Jennifer


**Jennifer B. Goldstein**
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT  06901

tel: 203.325.4491
fax: 203.325.3769 fax
www.sgtlaw.com


**From:** Thomas, Clarisse N. [mailto:CThomas@goodwin.com]
**Sent:** Thursday, June 25, 2015 11:22 AM
**To:** Jennifer Goldstein - Silver Golub & Teitell
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Hello Jennifer,

Robin and I have discussed your request for an Attorneys' Eyes Only protective order, and we cannot agree to this request. The Town is the named defendant in this case, and as its counsel we need to be able to defend against allegations which have been made by your client against a number of Town employees. The most recent draft of the Stipulated Protective Order (as per our conferrals on June 15,

2015) has a mechanism in place to ensure the confidentiality of protected information -- the viewer must sign a Confidentiality Agreement.

Further, the Confidentiality Agreement contains a provision which expressly provides that any unauthorized disclosure of confidential information constitutes a "contempt of court" -- which we will explain to any individual who may need to view said materials in preparation for their deposition testimony or trial testimony.  Thus, the draft Protective Order, as it currently stands, also contains a mechanism to remedy any alleged breach of its terms -- which should assuage your client's concerns.

In any event, if you continue to hold to your position (and to refuse to provide us with medical authorizations from your client as a result), we will have no choice but to seek judicial intervention.  Your client has made a number of claims, including claims for emotional distress, which our client has a right to defend itself against.

As for depositions, I still have not heard from you regarding your client's availability on September 1 or 2 for her deposition.  I'm assuming we can go ahead and notice your client's deposition for one of these days, so please confirm.

Finally, although Robin and I are not available the last 2 weeks of August, if you would like to notice depositions of other fact witnesses in September, please let us know.  Thanks.

Clarisse

Clarisse N. Thomas
(203) 324-8164

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Tuesday, June 16, 2015 12:05 PM
**To:** Thomas, Clarisse N.
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

OK, thanks.  I will get it out to you in the next day or so.

**From:** Thomas, Clarisse N. [mailto:CThomas@goodwin.com]
**Sent:** Monday, June 15, 2015 6:34 PM
**To:** Jennifer Goldstein - Silver Golub & Teitell
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Jennifer that makes sense, thank you.  We approve of the draft with the proposed changes in my nos. 2 and 3 below.

Clarisse N. Thomas
(203) 324-8164

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Monday, June 15, 2015 10:21 AM
**To:** Thomas, Clarisse N.
**Cc:** Frederick, Robin; David Golub- Silver Golub & Teitell
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Hi Clarisse,



We have no objection to your comments/proposed changes in nos. 2 and 3 of your email. With respect to your question in no. 1, we prefer the slightly broader language of "used solely in connection with this action" to the more limiting "nor be used for any purpose other than the analysis and preparation for trial of this action." The latter language would not allow for a document designated confidential to be used as an exhibit, for example (assuming it is admissible and not objectionable on any other grounds), while the former would.

Please advise me whether we have your final approval on the draft with the language changes proposed in your nos. 2 and 3, but with the language in Par. 2 of the protective order as per our 5/29 draft, retaining the language as I have outlined above.

Thanks,

Jennifer

**From:** Thomas, Clarisse N. [mailto:CThomas@goodwin.com]
**Sent:** Friday, June 12, 2015 11:26 AM
**To:** Jennifer Goldstein - Silver Golub & Teitell
**Cc:** David Golub- Silver Golub & Teitell; Frederick, Robin
**Subject:** RE: STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Hi Jennifer,

Below are our comments to your latest revisions to the protective order (I've re-attached what you previously sent us for your reference):

1) Why did you delete the phrase, "nor be used for any purpose other than the analysis and preparation for trial of this action," in Paragraph 2?

2) In Paragraph 3(b), please add "consultants or" before the word "experts," so that it is consistent with Paragraph 5, which starts off "Consultants and experts."

3) There is no Paragraph 3(c) in the document. Please delete the phrase "except as noted in Paragraph 3(c) below," from Paragraph 3(b). Also, the paragraph reference in the new Paragraph 14 should be to "Paragraph 3(b)" only, and not "Paragraphs 3(b) and 3(c).

Please let us know if you have any questions or comments about the above -- thanks!

Clarisse N. Thomas
(203) 324-8164

**From:** Jennifer Goldstein - Silver Golub & Teitell [mailto:jgoldstein@sgtlaw.com]
**Sent:** Friday, May 29, 2015 5:00 PM
**To:** Thomas, Clarisse N.
**Cc:** David Golub- Silver Golub & Teitell; Frederick, Robin
**Subject:** STIPULATED PROTECTIVE ORDER - 62551 Gustovich v. Town of Greenwich

Clarisse,

Attached please find a revised draft of the Stipulated Protective Order. We are fine with most of your changes, and I have incorporated them into this draft. I did retain the "information contained in a document" phrasing in order to enable a portion of a document to be designated confidential. I also changed par. 2 a bit.

      Please review and let me know whether this is good to go.  Once we have an agreement on substance, I will have my office reformat it (please ignore the odd gap on p. 4—I have no idea how to make that disappear, but am confident my secretary will!), and we can sign it and send it off to you for your signature.  Once this is signed, we will produce the medical authorizations.

I will be out of the office on Monday for a family funeral, so hopefully we can finish this up on Tuesday.

Thanks.

Jennifer